**Little & Karzai, LLP**
Eric R. Little, Bar No. 169021
Email:  erl@landkllp.com
Najwa T. Karzai, Bar No. 210415
Email:  ntk@landkllp.com
3333 Michelson Dr., Suite 735
Irvine, California 92612
Telephone: (949) 333-1699
Facsimile:   (949)333-1697

**Attorneys for:**
Plaintiff Brighton Collectibles, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIGHTON COLLECTIBLES, LLC, a Delaware Limited Liability Company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **BREACH OF CONTRACT** |
| | 2. **DECLARATORY RELIEF – DUTY TO DEFEND** |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a Foreign Corporation, | **Jury Trial Demanded** |
| Defendant. | |

- 1 -
**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**

Plaintiff BRIGHTON COLLECTIBLES, LLC ("Brighton Collectibles"), hereby makes its Complaint against Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Lloyds London"), and alleges as follows:

## NATURE OF ACTION

Brighton Collectibles brings this action to obtain a declaration that Lloyds London has a duty to defend Brighton Collectibles based on its contractual obligations in the lawsuit filed against Brighton Collectibles styled as: *Brighton Collectibles LLC et al adv. Lida Yeheskel*, Superior Court of the State of California, County of Ventura, Case No. 56-2016-00489019-CU-BT-VTA (The "*Yeheskel* Action"),  under a Business Owners Liability Insurance policy issued to Brighton Collectibles by Lloyds London, effective from June 21, 2015  to June 21, 2016 and June 21, 2016 to June 21, 2017 (collectively "the Policies").

## THE PARTIES

1.      Brighton Collectibles, LLC is a Delaware Limited Liability Company, headquartered and with its principal place of business located at 14022 Nelson Ave., City of Industry, California 91746.

2.      Brighton Collectibles is informed and believes and thereon alleges that Certain Underwriters at Lloyd's, London is a foreign corporation. At all times mentioned in this Complaint, Brighton Collectibles is informed and believes and thereon alleges that Lloyds London was authorized to and did business in the State of California.

## JURISDICTION

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties.  Brighton Collectibles, LLC is a Delaware Limited Liability Company with its principal place of

business in the City of Industry, California and Lloyds London is a foreign corporation.

4.      The amount in controversy is in excess of $75,000, exclusive of interest and costs.  The defense costs and the approximate amount of damages in the *Yeheskel* Action are estimated in excess of $75,000.

## VENUE

5.      Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events and/or omissions giving rise to the claims occurred in this judicial district.   Brighton Collectibles' principal place of business is in the City of Industry, California.   The insurance policy at issue in this action was issued to Brighton Collectibles at its City of Industry, California location.   Venue is also proper in this district, pursuant to 28 U.S.C. §1391(d) in that Lloyds London is a corporation that does business in this district and thus is subject to personal jurisdiction here.

## THE INSURANCE POLICY

6.      Lloyds London issued to Brighton Collectibles Business Owners Liability Insurance policies, effective from June 21, 2015 to June 21, 2016 and June 21, 2016 to June 21, 2017. The June 21, 2016 to June 21, 2017 policy bears policy No. SS0002115/2566.  The Policies each have limits of $1 million.  A copy of the June 21, 2016 to June 21, 2017 policy issued to Brighton Collectibles is attached hereto as **Exhibit "1."**  The Policies provide in pertinent part:

**A. COVERAGE**

**1. BUSINESS LIABILITY**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of . . .   "personal

injury" …to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. . .

   b.  This insurance applies:
…
(2) To:

     (a) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
…

## B. EXCLUSIONS

  1.  Applicable to Business Liability Coverage

This insurance does not apply to:

**a.  Expected or Intended Injury**

. . .

(2)  "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

. . .

**p.  Personal and Advertising Injury**

"Personal injury"…:

(1)  Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2)  Arising out of oral or written publication of material

whose first publication took place before the beginning
of the Certificate period;

   (3)  Arising out of the willful violation of a penal statute or
ordinance committed by or with the consent of the
insured; or

   (4)  For which the insured has assumed liability under a
contract or agreement.  This exclusion does not apply to
liability for damages that the insured would have in the
absence of the contract or agreement.

. . .

**F. LIABILITY AND MEDICAL EXPENSE DEFINITIONS**

…

10. "Personal Injury" means injury, other than "bodily injury",
arising out of one or more of the following offenses:

…

e. Oral or written publication of material that violates a
person's right of privacy.

…

**THE UNDERLYING *YEHESKEL* ACTION**

7.     On or about November 14, 2016, Ms. Yehsekel filed suit the *Yeheskel* Action against Brighton Collectibles.  A true and correct copy of the complaint in the *Yeheskel* Action is attached hereto as **Exhibit "2."**

**BRIGHTON COLLECTIBLES' NOTICE OF THE *YEHESKEL* ACTION AND LLOYDS LONDON'S DENIAL OF ITS CLEAR DEFENSE OBLIGATIONS**

8.     By letter dated January 12, 2017, Lloyds London acknowledged receipt of Brighton Collectibles' claim and by that same letter, Lloyds London denied

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**

coverage for the *Yeheskel* Action, contending that *inter alia*, the *Yeheskel* Action failed to allege potentially covered "personal injury." A true and correct copy of Lloyds London's January 12, 2017 letter is attached hereto as **Exhibit "3."**

9.     By letter dated February 9, 2017, counsel for Brighton Collectibles responded to Lloyds London's denial of coverage and explained that Lloyds London's denial of coverage is improper because the *Yeheskel* Complaint alleges that Brighton Collectibles published material that violated Plaintiff's and the putative class's right of privacy.  Brighton Collectibles' February 9, 2017 letter also enclosed Plaintiff's First Set of Requests for Admissions ("RFA") to Brighton Collectibles and explained that the RFAs confirm that Plaintiff in the *Yeheskel* Action "seeks 'damages' from Brighton Collectibles on the basis of publication of Plaintiff's 'personal identification information' to 'third parties.'"  A true and correct copy of Brighton Collectibles' February 9, 2017 letter and the enclosed RFAs are attached hereto as **Exhibit "4."**

10.     By March 8, 2017 letter, Lloyds London admitted that the *Yeheskel* Action "claim arises from an allegation that Brighton requested and recorded private information of customers such as Ms. Yeheskel who were making a purchase using a credit card," but again denied Brighton Collectibles' claim.  A true and correct copy of Lloyds London's March 8, 2017 letter is attached hereto as **Exhibit "5."**

11.     By April 19, 2017 letter, counsel for Brighton Collectibles responded to Lloyds London's March 8, 2017 letter and again explained why Lloyds London's obligation to defend Brighton Collectibles is clear. A true and correct copy of Brighton Collectibles' April 19, 2017 letter is attached hereto as **Exhibit "6."**

12.     By May 5, 2017 letter, Lloyds London renewed its denial asserting that the "personal injury" offense of "oral or written publication of material that violates a person's right of privacy" requires "public disclosure" even though the words "public disclosure" do not appear in the "personal injury" offense. A true and correct copy of

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**

Lloyds London's May 5, 2017 letter is attached hereto as **Exhibit "7."**

13.     By July 18, 2017 letter, Brighton Collectibles explained to Lloyds London that the "personal injury" offense of "oral or written publication of material that violates a person's right of privacy" does not require "public disclosure" but merely requires "publication." Brighton Collectibles provided further detailed analysis of why coverage was triggered for the *Yeheskel* Action under the Policies and requested that Lloyds London reconsider its denial of coverage. A true and correct copy of Brighton Collectibles' July 18, 2017 letter is attached hereto as **Exhibit "8."**

14.     By letter dated July 24, 2017, Lloyds London again reiterated its denial of coverage but advised it will undertake another review of the allegations asserted by Ms. Yeheskel to determine if they give rise to a potential for coverage. A true and correct copy of Lloyds London's July 24, 2017 letter is attached hereto as **Exhibit "9."**

**THE *YEHESKEL* ACTION ALLEGES**

**COVERED "PERSONAL INJURY"**

15.     Lloyds London's Policies provide coverage for the "personal injury" offense of "oral or written publication of material that violates a person's right of privacy,"

16.      There are two elements to Lloyds London's "personal injury" coverage for "oral or written publication of material that violates a person's right of privacy:" (1) oral or written publication of material; and (2) that violates a person's right of privacy.

**The *Yeheskel* Action Alleges: "Oral or Written Publication of Material"**

17.   The complaint in the *Yeheskel* Action alleges "publication:"

3.   …Defendants engaged and continue to engage in a pattern of unlawful business practices by utilizing an "Information Capture Policy" whereby Defendants' cashiers both request and record personal identification information, in the form of

customer's addresses (email and/or mail) and telephone numbers, along with their full name and credit card numbers from customers using credit cards at the point-of-sale in Defendants' retail stores.  On information and belief, Plaintiff alleges that by capturing customer's **"personal identification information,"** Defendants create a buying history and **run individual mailing lists in order to market their products and/or solicit customers and/or sell such data to direct marketing specialists and/or other third parties.** (Underline Provided).

**The *Yeheskel* Action Alleges: "Violates a Person's Right of Privacy"**

18.  The Yeheskel Action alleges: "violates a person's right of privacy:"

3.  …Defendants engaged and continue to engage in a pattern of unlawful business practices by utilizing an "Information Capture Policy" whereby Defendants' cashiers both request and record **personal identification information, in the form of customer's addresses (email and/or mail) and telephone numbers, along with their full name and credit card numbers** from customers using credit cards at the point-of-sale in Defendants' retail stores.  On information and belief, Plaintiff alleges that **by capturing customer's "personal identification information,"** Defendants create a buying history and run individual mailing lists in order to market their products and/or solicit customers and/or sell such data to direct marketing specialists and/or other third parties.  (Underline and

bold provided).

### The *Yeheskel* Action Alleges Causation

19.     Lloyds London's Policies merely require a causal connection between the "personal injury" offense of "oral or written publication of material that violates a person's right of privacy" and Brighton Collectibles' business stating: "This insurance applies…to… "Personal injury" caused by an offense arising out of [Brighton Collectibles'] business."

20.     The *Yeheskel* Action broadly alleges wrongful conduct arising out of Brighton Collectibles' business tactics and that Ms. Yeheskel and others were injured by those tactics.  Potentially covered causation is alleged.

### No Exclusion Applies to Negate Lloyds London's Defense Duty

21.     In order to assert an exclusion is applicable and bars coverage, Lloyds London must show, through undisputed evidence, that the exclusion bars the possibility for coverage in all potential scenarios.

22.      Lloyds London cannot prove through conclusive evidence that "Personal Injury" Exclusions p(1), p(2), p(3) and p(4) completely eliminate all potential for coverage.

### <u>FIRST CLAIM</u>

### (Breach of Contract)

23.     Brighton Collectibles incorporates by this reference each and every allegation set forth in the preceding paragraphs of this complaint as though fully realleged herein.

24.     As alleged above, a valid contract exists between Brighton Collectibles and Lloyds London.

25.     Brighton Collectibles fully performed and complied with all of its obligations and conditions pursuant to the policy, except those obligations and

conditions that were waived or excused.

26.     Pursuant to the terms of the contract, Lloyds London was and is obligated to pay for the defense of the *Yeheskel* Action.

27.     That obligation was due immediately upon Lloyds London's receipt of notice of the *Yeheskel* Action.

28.     Lloyds London owes Brighton Collectibles contemporaneous reimbursement of defense costs because the claims asserted against Brighton Collectibles are potentially covered under the Policies.

29.     By refusing to acknowledge its contractual obligation and refusing to pay for Brighton Collectibles' defense in the *Yeheskel* Action, Lloyds London has failed to perform its contractual obligations and materially breached the terms of the Policies, without justification or excuse.

30.     As a direct and proximate result of Lloyds London's material breach of the Policies, Brighton Collectibles has suffered damages in the form of unreimbursed attorneys' fees and costs, plus interest thereon at the maximum legal rate from the date of each invoice.

## SECOND CLAIM

### (Declaratory Relief – Duty to Defend)

31.     Brighton Collectibles incorporates by this reference each and every allegation set forth in the preceding paragraphs of this complaint as though fully realleged herein.

32.     An actual controversy has arisen and now exists between Brighton Collectibles and Lloyds London with respect to whether Lloyds London has a duty to defend Brighton Collectibles in the *Yeheskel* Action under Lloyds London's Policies. This Court has authority to issue a declaratory judgment concerning the respective rights and duties of Brighton Collectibles and Lloyds London.

33.    It is necessary and proper that this Court adjudicate and declare that Lloyds London had and continues to have a duty to defend Brighton Collectibles in the *Yeheskel* Action.

34.    It is necessary and proper that this Court adjudicate and declare that Lloyds London breached its duty to contemporaneously pay to defend Brighton Collectibles in the *Yeheskel* Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

FOR THE FIRST CLAIM

1.  For damages for Lloyds London's breach of its duty to pay for the defense of Brighton Collectibles in the *Yeheskel* Action.

FOR THE SECOND CLAIM

1.  For a declaration that Lloyds London had and continues to have a duty to defend Brighton Collectibles in the *Yeheskel* Action and provide contemporaneous reimbursement of defense costs to Brighton Collectibles.

2.  For a declaration that Lloyds London breached its duty to contemporaneously pay to defend Brighton Collectibles in the *Yeheskel* Action.

FOR ALL CLAIMS

1.  Prejudgment interest;

2.  For costs of suit herein; and

3.  For such other and further relief as the Court may deem just and proper.

DATED: August 9, 2017                **LITTLE & KARZAI, LLP**

                                                              /S/ Eric R. Little
                                                      Eric R. Little, Esq.
                                                      Najwa T. Karzai, Esq.
                                                      LITTLE & KARZAI, LLP
                                                      Attorneys for Plaintiff Brighton
                                                      Collectibles, LLC

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**