SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
FILED

NOV 1 4 2016

MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRIGHTON COLLECTIBLES, LLC, BRIGHTON COLLECTIBLES
HOLDINGS, INC, and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIDA YEHESKEL, on Behalf of Herself and All Others Similarly
Situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Ventura County Superior Court, 800 South Victoria Avenue, Ventura,<br>CA 93009 | CASE NUMBER:<br>*(N*<br>56-2016-00489019-CU-BT-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., 16th Floor, Encino, CA 91436

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | NOV 1 4 2016 | Clerk, by<br>*(Secretario)* | **Michael D Planet**<br>JENNIFER L. OLIVA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BRIGHTON COLLECTIBLES, LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* LIMITED LIABILITY COMPANY

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

Exhibit 2
042

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Zev B. Zysman (176805)
LAW OFFICES OF ZEV B. ZYSMAN, APC
15760 Ventura Boulevard, 16th Floor, Encino, CA 91436

TELEPHONE NO. (818) 783-8836     FAX NO. (818) 783-9985
ATTORNEY FOR *(Name):* LIDA YEHESKEL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 SOUTH VICTORIA AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME: MAIN COURTHOUSE

VENTURA
SUPERIOR COURT
FILED

NOV 14 2016

MICHAEL D. PLANET
Executive Officer and Clerk
JENNIFER L. OLIVA, Deputy
BY: _____

CASE NAME:
Lida Yeheskel v. Brighton Collectibles, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 56-2016-00489019-CU-BT-VTA |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ✓ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2016
Zev B. Zysman, Esq.
_____
(TYPE OR PRINT NAME)                    ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CIVIL CASE COVER SHEET

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2016-00489019-CU-BT-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.
A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on  all
named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in
Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT  LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Vincent O'Neill | Ventura | 41 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 04/10/2017 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and
serve it on all parties.  If your Case Management Statement is untimely, it may NOT be considered by the court
(CRC 3.725).
If proof of service and/or request for entry of default have not been filed:  At the above hearing you are ordered
to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed
(CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**
At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150.
The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
To set an ex parte hearing, contact the judicial secretary in the assigned department.  Contact the clerk's office
to reserve a date for a law and motion matter.

**Telephonic Appearance**
Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670.  In addition,
see Local Rule 7.01 regarding notice to the teleconference provider.  The court, through the teleconference
provider, will contact all parties and counsel prior to the hearing.

Clerk of the Court,

Date: 11/15/2016                                    By: _____
                                                   Jennifer Oliva, Clerk

VEN-FNR082

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Exhibit "2"
045

1  LAW OFFICES OF ZEV B. ZYSMAN
   A Professional Corporation
2  Zev B. Zysman (176805)
   zev@zysmanlawca.com
3  15760 Ventura Boulevard
   16th Floor
4  Encino, CA 91436
   Telephone:     (818) 783-8836
5  Facsimile:     (818) 783-9985

6  *Attorneys for Plaintiff and
   the Proposed Class*

7

VENTURA
SUPERIOR COURT
FILED

NOV 14 2016

MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA  Deputy

8

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF VENTURA**

11

12  LIDA YEHESKEL, on Behalf of Herself and        )   Case No.  56-2016-00489019-CU-BT-VTA
13  All Others Similarly Situated,                 )
                                                    )   **CLASS ACTION**
14                              Plaintiff,          )
                                                    )   **COMPLAINT FOR:**
15              v.                                  )
                                                    )   **VIOLATIONS OF CALIFORNIA CIVIL**
16  BRIGHTON COLLECTIBLES, LLC,                     )   **CODE § 1747.08**
17  BRIGHTON COLLECTIBLES HOLDINGS,                 )
    INC, and DOES 1 through 100, inclusive,         )
18                                                  )
                                                    )
19                              Defendants.         )
20                                                  )

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Exhibit "2"
046

1      Plaintiff Lida Yeheskel ("Plaintiff"), brings this action against Defendants Brighton

2  Collectibles, LLC, Brighton Collectibles Holdings, Inc. and Does 1-100 (collectively,

3  "Defendants") on behalf of herself, and all others similarly situated, upon information and belief,

4  except as to her own actions, the investigation of her counsel, and the facts that are a matter of

5  public record, as follows:

6                      **INTRODUCTION**

7      1.     Defendants own and operate Brighton Collectibles retail stores throughout the

8  United States, including numerous retail stores in California which offers women's fashion

9  accessories, including handbags, wallets, belts, eyewear, jewelry, and other products that sell

10  under the trademark "Brighton."

11      2.     This consumer class action arises out of Defendants' violations of the Song-

12  Beverly Credit Card Act ("Song-Beverly"), California Civil Code § 1747.08, *et seq.*  Defendants

13  accept credit cards in payment for merchandise.  Civil Code § 1747.08 generally states that when

14  a merchant is engaged in a credit card retail transaction with a customer, the merchant may

15  neither (1) request personal identification information from a customer paying for goods with a

16  credit card, and then record that personal identification information upon the credit card

17  transaction form or otherwise; nor (2) require as a condition to accepting the credit card as

18  payment the cardholder to provide the customer's personal identification information which the

19  retailer causes to be written, or otherwise records upon the credit card transaction form or

20  otherwise.[1]

21

22

23     [1] California Civil Code § 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

24

25  (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon

26  the credit card transaction form or otherwise.

27  (b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the

28  cardholder's address and telephone number."

CLASS ACTION COMPLAINT          1

3.     Defendants' acts and practices as herein alleged were at all times intentional. Specifically, Defendants engaged and continue to engage in a pattern of unlawful business practices by utilizing an "Information Capture Policy" whereby Defendants' cashiers both request and record personal identification information, in the form of customer's addresses (e-mail and/or mail) and telephone numbers, along with their full name and credit card numbers from customers using credit cards at the point-of-sale in Defendants' retail stores.  On information and belief, Plaintiff alleges that by capturing customer's "personal identification information," Defendants create a buying history and run individual mailing lists in order to market their products and/or solicit customers and/or sell such data to direct marketing specialists and/or other third parties.

4.     This action arises from Defendants' violations of California Civil Code § 1747.08(a)(2), by and through Defendants requesting and recording of Plaintiff's and the Class members' personal identification information during credit card transactions, at the point-of-sale process at Defendants' retail establishments in California, during the one-year period of time preceding the date of filing the original Complaint and until said practice is terminated (the "Class Period").

5.     Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member.  If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons.  Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in this matter.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the cause of action asserted herein pursuant to California Constitution, Article VI, § 10, because this case involves a cause of action not given by statute to other trial courts or administrative agencies.  In the aggregate, the damages caused to the members of the Class as defined below exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the Class individually has suffered damages of, at least, $75,000.

CLASS ACTION COMPLAINT                    2

7.     This Court has jurisdiction over the Defendants named herein because Defendants do sufficient business in California, have sufficient minimum contacts with California or otherwise intentionally avail themselves of the markets within California through its sales, advertising and marketing to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this Court since, as detailed below, the acts and transactions giving rise to this action occurred in this County, Defendants maintain retail stores and staffing in this County, and Defendants received substantial compensation from sales of its products in this County by doing business here.  Thus, as to the named Plaintiff and thousands of Class members, certain obligations and liability of the Defendants arose in part in this County.

## THE PARTIES

**A.     Plaintiff**

9.     On September 15, 2016, Plaintiff Lida Yeheskel (herein referred to as "Plaintiff") entered into a credit card retail transaction with Defendants at one of the Brighton Collectibles retail stores located in Ventura County, California.  Plaintiff's transaction did not involve mail order or shipping or cash advances.

10.     Plaintiff brings this class action against Defendants, pursuant to California Code of Civil Procedure § 382, on behalf of herself and all persons in California from whom Defendants requested and recorded personal identification information during a credit card transaction, at any time during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated (the "Class"). Excluded from the Class definition are any specific transactions that involved shipping, delivery, servicing, installation, or for a special order.  Also excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

///

///

CLASS ACTION COMPLAINT                 3

**B.    Defendants**

11.    Defendant Brighton Collectibles, LLC is a Delaware limited liability company, headquartered and with its principal place of business located at 14022 Nelson Avenue, City of Industry, CA 91746.  Brighton Collectibles, LLC designs and manufactures women's accessories, including handbags, wallets, belts, sunglasses, watches, jewerly and other products that sell under the trademark "Brighton."  Brighton Collectibles, LLC is engaged in designing, manufacturing, distributing and selling its "Brighton" fashion accessories nationwide.  Plaintiff is informed and believes, and on that basis alleges, that Brighton Collectibles, LLC owns and operates the Brighton Collectibles retail stores in California.

12.    Defendant Brighton Collectibles Holdings, Inc. is a Delaware corporation, headquartered and with its principal place of business located at 14022 Nelson Avenue, City of Industry, CA 91746.  Plaintiff is informed and believes, and on that basis alleges, that Brighton Collectibles Holdings, Inc. owns and operates the Brighton Collectibles retail stores in California.

13.    The only stores that are the subject of this Complaint are the Brighton Collectibles retail stores located in California.

**C.    Doe Defendants**

14.    The true names and capacities of Defendants sued in this Complaint as Does 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names.  Plaintiff will amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 100 when such identities become known.

**D.    Agency/Aiding And Abetting**

15.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

CLASS ACTION COMPLAINT                           4

1  acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits

2  of said wrongful acts.

3         16.    Defendants, and each of them, aided and abetted, encouraged and rendered

4  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

5  class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

6  substantially assist the commissions of these wrongful acts and other wrongdoings complained

7  of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and

8  realized that his/her/its conduct would substantially assist the accomplishment of the wrongful

9  conduct, wrongful goals, and wrongdoing.

10        **CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW**

11       **A.**    **Plaintiff's Contact with Defendants**

12         17.    On or about September 15, 2016, Plaintiff went to the Brighton Collectibles retail

13  store in Thousand Oaks, California.

14         18.    Plaintiff entered the Brighton Collectibles retail store and proceeded to select a

15  product from the store that Plaintiff intended to purchase.

16         19.    Defendants' employee saw that Plaintiff had selected a product that she wished to

17  purchase with her credit card. However, as part of Defendants' Information Capture Policy, and

18  during the credit card sales transaction, which did not involve mail order, shipping or cash

19  advances, Plaintiff was then asked for her full name, e-mail address, residential address and

20  telephone number, by Defendants' employee attending to the transaction.

21         20.    Plaintiff provided the "personal identification information" in response to the

22  request.  Defendants' employee recorded the information into Defendants' electronic database at

23  the point-of-sale.

24         21.    Defendants' employee and Plaintiff completed the transaction, and Plaintiff left

25  Defendants' store with her purchased item.

26         22.    As a direct result of Defendants' unlawful conduct described herein, Plaintiff

27  suffered injury in fact.

28

CLASS ACTION COMPLAINT        5

**B.    Defendants' Conduct Violated Civil Code § 1747.08**

23.    Defendants' conduct as alleged herein expressly violated Civil Code § 1747.08. Civil Code § 1747.08(a)(2) provides, in relevant part, that:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards
> for the transaction of business shall . . . *request*, or require as a condition to
> accepting the credit card as payment in full or in part for goods or services, *the*
> *cardholder to provide personal identification information, which the person, firm,*
> *partnership, association, or corporation accepting the credit card writes, causes*
> *to be written, or otherwise records upon the credit card transaction form or*
> *otherwise.*  (Emphasis added).

24.    Civil Code § 1747.08(b) further provides that "For purposes of this section, 'personal identification information' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

25.    Civil Code § 1747.08(c) provides that the prohibition against requesting and recording personal identification information in connection with credit card transactions does not apply if the credit card is being used as a deposit to secure payment in the event of default, loss, damage or other similar occurrence; for cash advance transactions; if the retailer is contractually obligated to provide personal identification information in order to complete the credit card transaction or is obligated to collect and record the personal identification information by federal law or regulation; or if personal identification information is required for any special purpose incidental but related to the credit card transaction, such as for information related to shipping, delivery, servicing, installation, or for a special order.  Plaintiff's transaction as alleged herein did not involve any of the exceptions under § 1747.08.

26.    As the California Supreme Court explained  "[t]he Song-Beverly Credit Card Act of 1971 . . . is 'designed to promote consumer protection.' [Citation.] One of its provisions, section 1747.08, prohibits businesses from requesting that cardholders provide 'personal identification information' *during credit card transactions*, and then recording that information."

CLASS ACTION COMPLAINT                              6

1     *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 527 (2011) (italics added); *see also*

2     *Florez v. Linens 'N Things*, 108 Cal. App. 4th 447, 451-453 (2003).

3         27.     Similarly, there is no exception under California Civil Code § 1747.08 for

4     marketing or advertising purposes. To the contrary, under § 1747.08, it is prohibited to request

5     personal identification information, and record it, even if the request was made only for

6     marketing and/or advertising purposes. *Florez v. Linens 'N Things*, 108 Cal. App. 4th 447, 451-

7     453 (2003).

8         28.     The penalty for violating Civil Code § 1747.08 is up to two-hundred fifty dollars

9     ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to

10     be assessed and collected in a civil action under this statute by, *inter alia*, the person paying with

11     the credit card.

12               **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

13         29.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of

14     all persons in California from whom Defendants requested and recorded "personal identification

15     information" during a credit card transaction, at any time during the one-year period of time

16     preceding the filing of the original Complaint and until said practice is terminated (the "Class").

17     Excluded from the Class definition are any specific transactions that involved shipping, delivery,

18     servicing, installation, or for a special order. Also excluded from the Class are Defendants, their

19     corporate parents, subsidiaries and affiliates, officers and directors, any entity in which

20     Defendants have a controlling interest, and the legal representatives, successors or assigns of any

21     such excluded persons or entities.

22         30.     This action has been brought and may properly be maintained as a class action

23     pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the

24     California trial courts have been directed by the California Supreme Court to look for guidance.

25         31.     The members of the Class are so numerous that joinder of all members is

26     impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

27     such information can be ascertained though appropriate discovery which seeks records such as

28     sales transactions maintained by Defendants and their agents. The members of the Class may also

CLASS ACTION COMPLAINT               7

1  be notified of the pendency of this action by published notice, mailed notice and/or emailed
2  notice.

3      32.    There is a well-defined community of interest in the questions law and fact
4  affecting the parties represented in this action.

5      33.    Common questions of law and fact exist as to all members of the Class.  These
6  common questions predominate over the questions affecting only individual  members of the
7  Class.

8      34.    Among the questions of law and fact common to the Class are, *inter alia*:

9      a.    Whether each Class member engaged in a credit card transaction with Defendants;

10     b.    Whether Defendants requested the cardholder to provide personal identification
11 information and recorded the personal identification information of the cardholder during credit
12 card transactions with Class members;

13     c.    Whether Defendants' conduct of requesting the cardholder to provide personal
14 identification information during credit card transactions and recording the personal
15 identification information of the cardholder constitutes violations of California Civil Code
16 § 1747.08(a)(2); and

17     d.    Whether Plaintiff and the Class are entitled to civil penalties, and the proper
18 amount of civil penalties to be paid to Class members.

19     35.    Plaintiff's claims are typical of those of the other Class members because
20 Plaintiff, like every other Class member, was exposed to virtually identical conduct and is
21 entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation
22 pursuant to California Civil Code § 1747.08(e).

23     36.    Plaintiff can fairly and adequately represent the interests of the Class, she has no
24 conflicts of interest with other Class members, is subject to no unique defenses, and has retained
25 counsel competent and experienced in the prosecution of class actions.

26     37.    A class action is superior to other available methods for the fair and efficient
27 adjudication of this controversy because joinder of all members is impracticable, the likelihood
28 of individual Class members prosecuting separate claims is remote and individual Class members

CLASS ACTION COMPLAINT                    8

1  do not have a significant interest in individually controlling the prosecution of separate actions.

2  Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as

3  a whole would be appropriate.  Plaintiff knows of no difficulty to be encountered in the

4  management of this action which would preclude its maintenance as a class action.

5          38.     Plaintiff explicitly reserves the right to add additional class representatives,

6  provided that Defendants are given an opportunity to conduct discovery on the chosen

7  representative(s).  Plaintiff will identify and propose class representatives with the filing of

8  Plaintiff's motion for class certification.

9

10  **FIRST CAUSE OF ACTION**
**FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08(a)(2)**
**[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

11          39.     Plaintiff refers to and incorporates by reference as though set forth fully herein

12  paragraphs 1 through 38 of this Complaint.

13          40.     California Civil Code § 1747.08 prohibits any corporation or association, which

14  accepts credit cards for the transaction of business, from requesting the cardholder to provide

15  personal identification information which the corporation then records during a credit card

16  transaction.

17          41.     Defendants are corporations and associations that accept credit cards for the

18  transaction of business.

19          42.     During credit card transactions entered into at Brighton Collectible retail stores in

20  California during the Class Period, Defendants utilized, and continues to utilize, an "Information

21  Capture Policy" whereby Defendants' employees both request and record personal identification

22  information, in the form of customer's addresses (e-mail and/or mail) and telephone numbers

23  from customers using credit cards at the point-of-sale in Defendants' retail stores.

24          43.     It is and was Defendants' routine business practice to intentionally engage in the

25  conduct described in this cause of action with respect to persons who, while using a credit card,

26  purchased products from Defendants' retail stores in the State of California during the Class

27  Period.

28

CLASS ACTION COMPLAINT          9

44.     Due to Defendants' violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code § 1747.08(e).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

PLAINTIFF AND THE CLASS pray for judgment against Defendants as follows:

1.     For an order certifying this matter as a class action;

2.     For an order awarding Plaintiff and each member of the Class the civil penalty to which he or she is entitled under California Civil Code § 1747.08(e);

3.     For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendants from retaining the benefits of its wrongful conduct;

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5.     For costs of the suit incurred herein;

6.     For prejudgment interest at the legal rate; and

7.     For such other and further relief as the Court may deem proper.

Dated: November 14, 2016

**LAW OFFICES OF ZEV B. ZYSMAN**
A Professional Corporation

By: _____
        Zev B. Zysman

*Attorneys for Plaintiff and*
*the Proposed Class*